```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
LAI CHAN, HUI CHEN, and HUI XIE,                             :
individually and on behalf of all others similarly           :
situated,                                                    :
                                                             :
                              Plaintiffs,                    :
                                                             :
              -v-                                            :
                                                             :
CHINESE-AMERICAN PLANNING COUNCIL                            :
HOME ATTENDANT PROGRAM, INC.,                                :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 21, 2016

15-cv-9605 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

The Court has reviewed plaintiffs' papers in support of their motion for a temporary restraining order (ECF No. 21), as well as the submissions of defendant Chinese-American Planning Council Home Attendant Program, Inc. ("CPC") (ECF Nos. 32-34) and interested party 1199SEIU United Healthcare Workers East (the "Union") (ECF Nos. 30-31).  Plaintiffs seek a temporary restraining order to enjoin CPC and the Union from communicating with putative class members about a new mandatory arbitration clause in a recently negotiated collective bargaining agreement and to enjoin a scheduled Union meeting and ratification vote set for January 21, 2016 at 6:00 p.m.  For the reasons set forth below, plaintiffs' motion is DENIED.

A temporary restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the

burden of persuasion." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007). To obtain a preliminary injunction or temporary restraining order, the moving party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor." MyWebGrocer, L.L.C. v. Hometown Info., Inc., 375 F.3d 190, 192 (2d Cir. 2004). The function of a temporary restraining order is to maintain the status quo for a short period of time, usually only until a hearing can be held. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974).

     Plaintiffs have failed to meet the standard for emergency relief, as they cannot make the requisite showing of irreparable harm. The premise of plaintiffs' motion is that they will be irreparably prejudiced if the Court does not, on an emergency basis, enjoin expected action on an arbitration provision. Plaintiffs brought this application two days ago—but have long been on notice of this issue. The Memorandum of Agreement between CPC and the Union was executed in June 2014. That document explicitly states that CPC and the Union intended to meet in good faith and negotiate an alternative dispute resolution procedure. (See ECF No. 7-3 at 6.) The fact that CPC and the Union may have undertaken this process was therefore no mystery. Plaintiffs had eighteen-month notice of the potential for the enactment of an arbitration provision; their decision to sit on their rights until just

two days before the Union ratification meeting negates the need for such drastic, speedy action and the existence of irreparable harm.  Tough Traveler, Ltd. v. Outbound Products, 60 F.3d 964, 968 (2d Cir. 1995) ("[T]he 'failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury.'" (quoting Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985))).  Put otherwise, this last-minute crisis is entirely plaintiffs' own doing, and they are therefore not entitled to the drastic emergency relief that they seek.

    The Court notes as well that there are questions relating to the effect that any potential ratification of the 2015 Memorandum of Agreement would have on plaintiffs' claims (including whether it would have retroactive effect).  In light of the substantial arguments raised on both sides of the issue, and because the Court cannot conclude at this time that plaintiffs would likely succeed on the merits (or sufficiently serious grounds), plaintiffs' failure to meet the second element necessary to obtain the emergency relief they request provides another basis for the Court's decision.[1]

    For the foregoing reasons, plaintiffs' motion for a temporary restraining order is DENIED.

---

[1] In light of the Court's decision, the Court need not consider CPC's and the Union's alternative arguments that the Court lacks authority to enter the requested order under Rule 65 and federal law.

The Clerk of Court is directed to terminate the motion at ECF No. 21.

SO ORDERED.

Dated:   New York, New York
         January 21, 2016

                                            _____
                                                 KATHERINE B. FORREST
                                                United States District Judge