UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAI CHAN, HUI CHEN, and XUE XIE,
individually and on behalf of all others
similarly situated,

                          Plaintiffs,                    Case No.: 15-cv-9605 (KBF)


              -  against  -


CHINESE-AMERICAN PLANNING
COUNCIL HOME ATTENDANT
PROGRAM, INC.,

                          Defendant.


## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO RECONSIDER ITS FEBRUARY 3, 2016 ORDER

**Michael Taubenfeld, Esq.**
**SERRINS FISHER LLP**
**233 Broadway, Suite 2340**
**New York, NY 10279**
**Telephone: (212) 571-0700**

**David A. Colodny**
**Carmela Huang**
**URBAN JUSTICE CENTER**
**123 William Street, 16th Floor**
**New York, NY  10038**
**Telephone: (646) 602-5600**

**Edward Tuddenham**
**228 W. 137th St.**
**New York, New York 10030**
**Telephone: (212) 234-5953**


*Attorneys for Plaintiffs*

<u>**ARGUMENT**</u>

**A.  The Court Should Decide This Motion.**

Defendant argues that Plaintiffs' motion for reconsideration is procedurally improper because an order compelling arbitration is allegedly not a final order.  However, regardless of the status of the Court's order, courts in this Circuit regularly decide under Local Rule 6.3 motions to reconsider orders compelling arbitration.  <u>Sutherland v. Ernst & Young LLP</u>, 847 F. Supp. 2d 528, 531 (S.D.N.Y. 2012) (deciding motion for reconsideration);  <u>Butto v. Collecto Inc.</u>, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (same); <u>Chen-Oster v. Goldman, Sachs & Co.</u>, No. 10 CIV. 6950 LBSJCF, 2011 WL 2671813, at *2 (S.D.N.Y. July 7, 2011) (same).  Accordingly, the Court should decide this motion.

**B.  Plaintiffs are Withdrawing Their Request That the Court Reconsider its Order Compelling Arbitration Based on HRA's Lack of Approval.**

 Based on a March 17, 2016 letter from HRA that we received today, Plaintiffs withdraw their argument that the Court should reconsider its order compelling arbitration based on HRA's failure to approve the MOA.

**C.  The Court Should Reconsider its Order Finding that the MOA is Retroactive.**

Despite Defendant's assertions to the contrary, the Court's order compelling arbitration did indeed overlook the Second Circuit's controlling language of <u>Holick v. Cellular Sales of New York, LLC</u>, 802 F.3d 391, 398 (2d Cir. 2015) requiring this Court to effectuate the parties' intent when determining which disputes must be arbitrated.   <u>See</u> Doc. No. 44 at 6 ("the correct approach is to assess whether the parties intended for the arbitration clause to cover the present dispute") (quoting <u>Holick</u>).  The Court's order compelling arbitration does not address <u>Holick</u>. <u>See</u> Doc. No. 42 at 5-6.

Although the Second Circuit decided <u>Holick</u> less than a year ago, Defendant argues that Plaintiff's reliance on it is "misplaced," and Defendant instead points the Court to a decision more than forty years old, <u>Coenen v. R.W. Pressprich & Co.</u>, 453 F.2d 1209 (2d Cir. 1972). However the Second Circuit addressed <u>Coenen</u> in reaching its decision in <u>Holick</u>, and in doing so has clarified how courts in this Circuit should determine the scope of arbitration clauses:

> *Coenen* and cases like it are simply not on point. We are not persuaded by Defendants–Appellants' argument that we must interpret the arbitration agreement here to have an expansive temporal scope simply because this Court has done so in other cases. Instead, the correct approach is to assess whether the parties intended for the arbitration clause to cover the present dispute.

<u>Holick v. Cellular Sales of New York, LLC</u>, 802 F.3d 391, 398 (2d Cir. 2015).  Although the Second Circuit appears not to have explicitly overruled <u>Coenen</u>, this language in <u>Holick</u> suggests that the Circuit Court has moved away from reflexively interpreting arbitration agreements in a broad manner.

As Plaintiffs demonstrated in their memorandum in support of this motion, the only evidence in the record regarding the parties' intentions confirms that there was no intent for the 2015 MOA to be applied to claims arising before the MOA's December 1, 2015 effective date. <u>See</u> Doc. No. 44 at 8 (citing to Declaration of 1199SEIU's general counsel, which explained that the clause was negotiated on an industry-wide basis and was not intended to apply to claims filed before December 1, 2015). In contrast, Defendant cites no evidence to show that it intended the ADR provisions in question to apply to claims arising before its effective date.  This glaring omission is not a mistake: Defendant cites no evidence because there is none. Defendant did not participate in negotiating the 2015 MOA.  Doc. No. 33 at ¶ 6.  Instead, Defendant can rely only on the language of the agreement – language that does not explicitly address temporal scope.  In responding this way, Defendant essentially admits that there was no expectation the agreement would apply retroactively to cover claims that pre-existed the effective date of the 2015 MOA.

If this Court is to follow the dictates of <u>Holick</u>, it cannot find that the parties intended for the 2015 MOA to apply retroactively

Defendant's argument that the Court should rule in its favor because the language of the 2015 MOA tracks the language at issue in <u>Duraku</u> must fail for two reasons.   First, <u>Duraku</u> is a district court decision that pre-dates <u>Holick's</u> call for a more careful review of these clauses than <u>Coenen</u> did.  Second, the pertinent language in the <u>Duraku</u> agreement is materially different than the language at issue here despite Defendant's completely unsupported assertion that the ADR provision in <u>Duraku</u> was a "model" for the ADR provision at issue in this case.  Doc. No 45 at 10-11.[1]  Judge Cote's decision to compel arbitration in <u>Duraku</u> relied heavily on the phrase "*[w]henever* it is claimed that an employer has violated the no discrimination clause (including claims based in statute) of one of the CBAs, ...the matter *shall* be submitted to mediation." <u>Duraku v. Tishman Speyer Props. Inc.</u>, 714 F.Supp.2d 470, 474 (S.D.N.Y. 2010) (emphasis original).  Thus, the provision in the <u>Duraku</u> agreement was interpreted to govern which matters were subject to the ADR process.  By contrast, the 2015 MOA at issue in this case uses the term "whenever" in a totally different context.  It states, in relevant part, "[w]henever the parties are unable to resolve a grievance alleging a violation of the covered statutes, before the matter is submitted to arbitration, the dispute shall be submitted to mandatory mediation."  Doc. No. 7-4 at 9.  All this language does is state that any unresolved grievance must go to mediation and then arbitration.  But it does not answer the threshold question of which matters are subject to mandatory ADR procedures and must go to the grievance step in the first place.  In addition, the ADR agreement examined in <u>Duraku</u> apparently did not contain an effective date, unlike the

---

[1] Defendant points to no evidence in the record for its assertion that the ADR provision at issue in <u>Duraku</u> "was used as a model for the provision at issue here."  It is an unsupported argument.  And in fact, the clauses are different.

agreement in this case.  Thus, the claim that the 2015 MOA language is modeled after the language in <u>Duraku</u> is simply wrong.

In sum, <u>Holick</u> requires the Court to effectuate the intent of the parties.  While Plaintiffs have pointed to record evidence strongly supporting their position regarding the scope of the 2015 MOA, Defendant has pointed to none.  This Court should find that, on the record here, <u>Holick</u> compels a conclusion that the parties did not agree to arbitrate claims arising prior to the December 1, 2015 effective date.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs request that the Court grant Plaintiff's motion for reconsideration, deny Defendant's motion to compel arbitration, and grant Plaintiffs all available relief in connection with opposing the instant motion.

Dated: New York, New York
   March 17, 2016                                  Respectfully Submitted
                                          By:      _____/s/_____
                                                   Michael Taubenfeld
                                                   SERRINS FISHER LLP

                                                   David A. Colodny
                                                   Carmela Huang
                                                   URBAN JUSTICE CENTER

                                                   Edward Tuddenham
                                                   *Attorneys for Plaintiffs*

4