

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

September 2, 2022

**By Electronic Mail**

Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:      *Chan v. Chinese-American Planning Council Home Attendant Program, Inc.*,
      15-cv-09605 (LGS)

Dear  Judge Schofield:

We represent the defendant, Chinese-American Planning Council Home Attendant Program, inc. ("CPC") in the above-captioned matter. Pursuant to your Memo Endorsement dated August 2, 2022 (Dkt. No. 136), we jointly write with Plaintiffs' counsel, Michael Taubenfeld of Fisher Taubenfeld and Tito Sinha of TakeRoot Justice, to apprise you of: (1) the nature of the case; (2) any (i) motions that have been made and decided, (ii) motions that any party seeks or intends to file, and (iii) other applications that are expected to be made; and (3) any other information that may be helpful in resolving the action.

The nature of the case is as follows:  This matter arises out of claims raised by Plaintiffs, current and former employees of CPC, under various wage and hour statutes. This Court compelled an arbitration of Plaintiffs' claims, including their class claims.  The arbitration took place and resulted in two awards issued by Arbitrator Martin Scheinman, both of which have been confirmed by Judge Koeltl.  The confirmation of both awards are on appeal and have been consolidated by the Second Circuit.  Order, *1199 SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, No. 21-631-cv (L) (2d Cir. Aug. 17, 2022).

Motions that have been made in this case are as follows: Plaintiffs originally filed their claims on March 11, 2015, in state court. After Plaintiffs amended their causes of action to include claims under the Fair Labor Standards Act, CPC removed the matter from state court to this Court on December 8, 2015 (Dkt. No. 1). On December 15, 2015, CPC moved to compel arbitration of the matter and stay proceedings pending arbitration (Dkt. No. 5). On January 19, 2016, while CPC's motion to compel was pending, Plaintiffs sought a temporary restraining order attempting

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices:  Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar.  Business Service Centers:  Johannesburg  Louisville.  Legal Services Center:  Berlin.  For more information see www.hoganlovells.com
\\NY - 033684/000005 - 10585770 v4

to preclude CPC from communicating with putative class members (Dkt. No. 21), which Judge Forrest denied on January 21, 2016 (Dkt. No. 36).

On February 3, 2016, Judge Forrest granted CPC's motion to compel arbitration and stay this matter pending arbitration (Dkt. No. 42). Plaintiffs moved for reconsideration on February 17, 2016 (Dkt. No. 43), which the Court denied on April 8, 2016 (Dkt. No. 47).

On September 29, 2017, Judge Forrest dismissed this matter *sua sponte* (Dkt. No. 64).  On October 12, 2017, CPC moved for reconsideration and asked the Court to restore the case to the docket as a stayed matter pending resolution of the arbitration (Dkt. No. 65).[1]  The motion was unopposed, and Judge Forrest granted CPC's requested relief by reopening this matter but staying it pending the result of the arbitration (Dkt. No. 69).

The arbitration ended when Arbitrator Scheinman issued the Second Award on February 25, 2022.  CPC then requested that this Court dismiss the case (Dkt. No. 126) since the matter had been stayed pending the arbitration, which had been completed.  Plaintiffs opposed dismissal at that time and asked the Court stay this matter until Judge Koeltl ruled on cross-petitions to confirm and vacate the Second Award (Dkt. No. 132).

On June 24, 2022, Judge Koeltl confirmed the Second Award (Dkt. No. 133).  CPC again sought dismissal, which Plaintiffs opposed by seeking a stay until the conclusion of an appeal of Judge Koeltl's confirmation decision (Dkt. No. 135).  On August 2, 2022, the Court denied Plaintiffs' request for a continued stay (Dkt. No. 136).

CPC's position is as follows:  This case should be closed and the matter should be dismissed now that Judge Koeltl has confirmed both Arbitration Awards (Dkt. No. 133).  Judge Forrest stayed this action "pending resolution of the arbitration," (Dkt. No. 69) and the arbitration is now resolved.  Consistent with this Court's Order denying Plaintiffs' request for a continued stay on August 2, 2022 (Dkt. No. 136), it is now time to dismiss this case in its entirety as this Court had previously done (Dkt. No. 64).

---

[1] Prior to *Katz v. Cellco,* 794 F.3d 341 (2d Cir. 2015), courts routinely dismissed cases after compelling arbitration.  However, by dismissing the case at this early juncture, the courts were making such orders immediately appealable so the Second Circuit told courts to stay the proceedings rather than dismiss until after the arbitration award.  It was because of *Katz*, among other reasons, that CPC asked the Court to reopen the case for the sole purpose of staying it until the Arbitration concluded.

Honorable Lorna G. Schofield                      - 3 -                      September 2, 2022

Accordingly, CPC respectfully requests the Court to close this matter and dismiss the case with prejudice.  CPC has conferred on this matter with Plaintiffs' counsel, who do not oppose CPC's request to dismiss this case with prejudice.

Respectfully submitted,


/s/  Kenneth Kirschner

Partner
kenneth.kirschner@hoganlovells.com@hoganlovells.com
D 212 918 3260

   cc:      Counsel to All Parties (by ECF)